*411 Opinion oj? the Court, by
Judge Mills.
RUST, the present appellant, filed his bill against La-rue, the appellee, for the purpose of redeeming some slaves and other articles held by Larue as a pledge. The court belovy sustained the claim of pedemptipn, and on an appeal to-this cour.g the same righqfc was sustained; hut the cause was reversed for some errors imthc details *412 of the decree, at the spring teriiil^l®?4,O»%©,P8p#^*'0^ which a ’fnl'l h'isfrrr.V Of'the.' transa'h'fi'on is^teáiven. ■.dtitte# a,fall history Of'thte' ttansa'cti'oH is?gjsy§n. the cause was fet(Jrned;tó that'Cou'^^M-ceáímissiotíte'rs were appointed'fo "táfee ’an'áGcou!ÓÍ®|tfie:iRoHey.áue, hire of the sla-v-es and costs .of*,the tffa in ten acete of the young and infirm, Largue obtained leave amjkfiled a answer, -alleging that Rua-t^ltacLaf the corfrmengement of the suit, employed Benjamin .Hardin, ®sch as fai^,pounseh and-by a written contract, had en-gaged to gi ve him, in case of success, one'third of all the slaves or money that might be recovered,-as a. eonxpen-s'l^ori f°r h's services, which Hardin had-perforfieSred*; and that he had purchased the contract from* Hardin for a valuable consideration, since the rendition of the decree of this court; and he exhibited the oo.n-trafiít and the transfer thereof, .and made Hardin and Rust defendants to this answer-as a cross bill, and prayed that after the account was takeii and settled, he might Permitted* to retain one third of the recovery in'hifj hands,' in satisfaction of this contract,
chancery cause is the most impor-argument of it iathoinfe-rior court among the taut duties of counsel.
Whore the counsel has prepared the cause in the and has been prevented from arguing has^paid'the^ counsel soleo-ted by his eli-sence° hisñíll fee for arguing it, & the cause has ter-cessfally, the counsel will lnive^fu'i)1-perfbrmedhis duty, ■ maintenance •gje offences 'eomrawi as we® as t:),y statute, gji,d coptc,ae,te bíJ&Feen. client &f cauUr sql, of that clifsacter, will- riijt h,e-deeded in equity, eithei; ®if®e CQuusei, 01* jails aSSigin.ee.
*412 To.this. Rust answered, admitting the contract with Hardin, and alleges that he was so poor when he made tnat he had to give it tor the purpose of obtaining counsel for a contingent fee, as one hundred dollars was c^arSe<^ by other counsel to whom he had spoken; but he alleges that Hardin abandoned the cause in the court below, and at the trial was absent in congress, and he ¡-¡ad se¡] his interest in the suit'to his sons, for ttle purpose of raising money to carry jt on, and then had to pay another counsel fifty dollars to argue the cause; that after ■ he had obtained the decree, his a(^vcrsary had appealed; that by the contract with Hardin, he was to follow it through all the courts to which it went, and was to appear in the. court of aPPeal.s i*or him, but did not appear; that he met w>th Hardin at Frankfort, during tljc term of that court at which tho cause was tried, before it came on,’ an(:i applied to him to stay and argue the cause; but Aiarain reluscd and would have nothing further to $o with it, and left this state, on his way to congress, be-^°re causfi waS rjeached, and he had to employ other counSRk for large fees,.and that he had never recogniz* ed Hardin as his counsel afterwards. He alleges that he is willing to pay Hardin a liberal compensation for his services; but resists the dividfn'g of what was rccov- *413 sfertS-W 'ito’e^Rnd contends .t,|$,t -its is.-syl .«Á&s-to ask it.- ■ ffq-'-thisvrgspptíSW «defendant, 'as- Rarne.. * ¿ xW¡$
-were not vjdíÁ a.f]^w,, e.qpi--alight -not to deeree fiaei-r sprite ex-eea-tion,; • because, being fopbidd&n b.y law, they ,qre‘.-Sjghá-nst the ,pcflicy <¡tf the Jaw-
-, H^rd.in-.,a,nsv^(^(k admitlin^i.!t>'he”iV Rractto Laru.e, and-denying that he.eyei’.© pursu^- the cause' through this ¡court, inu<¡4in» '•had pever^attempted to practise, arid aV-ei;S;tt|| .dertakipg was confined to .tl^e court, hel'q^ there he. had wholly conducted ,,t>he^,cause',v,^!S tendted his services to taking de^ition's.,; not within the purview of his-duty-as. c©tu^ li,di-tor -in the cause, - until the whole prewar was completed. lie denies that - be hv.fr ábf-jíd the oause,- and alleges that the only colour ,to*¡s®$h allegation was, that Rust was imprudent- i-riHjt ‘about the suit during its pend'énc$‘ and h.ejwaá that^as the; case rested much Qn parol testifnorfy,, wiquld, hy his idle talk, destroy the suit, as. .aware that, the opposing party .was watphipg; the^t vefsatlon,of Rust, to obtain from hirmsome leobf^sljc aud-ito prevent this, he had threatened- Rusty-if naiuMiit his chattering about -the caas.% -bey'ja^ abandon it; but never did sp, uá he-j " . menace Jp resi-rah'' Rust and for his benefit. drlé*6$|é|¡| that he met with Rust in Frankfort,¡^^rin'g .a rt this court, at the term when the Gcjfus'ehwas that Rust proposed his staying for the ¿purpose-ing the cause,Imd that he refused td do-ft;‘mrhfadii^ Rust that his contract did not compel him to-.cro- so,*, aaP* that his official diíties in coh^r-ess then* Required -li¥s|ap «t-e-ntlon there, so that be could n.of, and. did'not, ptf#.* He-ndmits his absence when the caus-e was fksb t pilftait in the court below; but avers that tbe cause -was fuj%i prepared-, and that he had engaged Charles. A. TOi^SrJ liffe, Esq. a professional gentleman of ■acknowledig'&oh talents, tongue the cause in his stead; but Mr./W'ihkr liffe was prevented from attending that co.urt by sickness; that afterwards, discovering t-hat Rust had-employed other counsel, he immediately took-up.and discharged the note for forty dollars, given as a fee, and offered to pay Rust the remaining ten, which had been paid; but Rust refused to receive it. He exhibits this note in court, and alst> the ten dollars^ to be delivered to'Rust. He avers tJi^j|Rust brought to him the opinion of the appellate c*o$Tt, which.he had caused to be |^¡r '" *414 mitered- and_ the. «necessary orders - nía tie to complete-, ttie;éau'8íí',íáaidfi'e Eflferwards, on the application of Rust, p'r son, firi’GÍpar^ti^te of-a meeting of the, commissión-erf40'tá%e^;Ífeííib¿omit5,a.n(l attende<|f'ón the day; but the attendance of the .commissioners was not procured %;4S#*síj'-aTn'á 'that, from that lime-, Rust, through Some
, híffie-court1 bélovHirst decreed to Rust two-th,irds of tke-lflaves, and to pay the two-thirds of the mortgage ¡pghey due, and retained the cause, as to the remaining third, to abide the contest now raised between Hardin, Rjijsst and Larue; and finally,-on the hearing of that cdfSfiqversy, decreed in favor of Larue, that he should rfjdspp» the remaining; third in discharge of the contract From this decree Rust has
'** - It is now contended for the appellant, that after-the, ca-.o|>éehad progressed through this court, .and a decree, ■vJt&sfherie directed in the court below, the aftitudelpf-the}pities- could not'be’altered, and that it was in.com¡M^nl-foiyLarue to introduce or set up any claim which. prevent him from restoring the slaves.,
a;bill ofreview will lie to a decree directed ,.thís-coürt; it |s unnecessary now to enquire, as the answer of Larue, filed after the return of .the cause from tps’court, does not seek to review or change the de-CTee^o-'Rfoa-t Larue could not set up an$jpñaim calcula-, feá to defiSit the decree against him in whole or impart, Which he might-have set ufi before tlfkfinal hearing, is readily admitted; but his answer now under consideration is not of this character. It yields to the principles, of-the decree as settled by this court, and is -in affirmance-of them, and claims the one-third- as a purchaser o'fthe benefit of it. Although this answer is styled by the’writer, an amended answer, yet it is not®éntitíed to. that name. It is purely supplemental, and alleges facts which have occurred since the decree, and shows that according to the principles of the decree, by subsequent events, he is entitled to one third, Suppose that Larue had purchased out the whole decree from Rust himself, or had by operation of law become entitled to the slaves, ■ could it be contended that Rust must still go on and obi tain the decree, and take frorn|?|,j,m the estate? We aonceive not; and we perceive nmf'mproprjety, accord-
*415 ~;S|gUyp. • p- 2'i§-'« s^.o^ ^'S'w-o o-X6~t ^:'S-''|fs?g^'-§''3l? •r5--irt'-^- •» o' o CJ O . D-.LO c o f3 d*’o fe í Ji ? s i?ftlilff-Jf#.? Ilf us;?5 s =-Jf I g «¿a ^4|3|« » í2^gí b $. §. a. It# 5 §.iss>^ aiir,i gs® á'cái S as :0)3- W' O— ►S” Pi S'. rtL 2i '■-{ íü¿ ,ü ¡^_._ . LíCT-otr,SaSiss^f a*c-££ » cs aafe-- &? “«f ^ 5s- g“” §>??'■ Sa^'SC'tr <y r4 £?' ~-a>i ®r^aSit^.a8i a'-Tor S*c"sra^2?§Láa PO^aO.WOOif^aJEfc O © o.*-* o_ r> < íJl ” LF ' <-’ ¿k tn §¿2 & S-, Sp cr c£ -e s*. ®* -. 1-^f llrl I a 1 «■ J- Í ^.i¥*i . c^“ a*. ■
*416 í^cliflíll^tiD'^líWs páffi^|ftóí^1:'he'''fei?*‘' It is fe^teMÍiMffe^?fti|¥s6á)5aaH¿'‘tRis’!plS.of, iHéff Me¿qngsg'e-iéew.$$mm0f MsWém^gh- Mv¡Mméá. imt á^®^OTiftw4®i®'!,,ro Á'e^'tfilCTts- p*HÍÍ^M'iri/'xvhfctRc’ó'ttlil ájt®w^,%'tógfeí' JJslStütíánT^^lfeáriéfí fe&tágáiécU su^jfM^d' Oí iaífiífe&fb'y aáyMii^fe'R'ui'iie'i^ clear^f,'á|^éajl's:^HiaÍite 1to&áÉlteme(tt, pré'táMiííHíij9 WáatgjS1-' fitóJ^píftnéls1 feV’mal;%'ase'óM®fetfed- éy t ÍElTOiji,' hhiiF/foatnSiífr Vs fh¿ tíioft ihá.p'b;rtkri,tjJ‘i^|#-pf éojjttágL.to the client im^'etoancery catase, fe%tíí|8ijPWlk. tg^^vér^ oRé^ivó ^IseSáés atfp knoWledgltoft'hépfé^ar-á^^’n ííf pii^sfe,' aftfl'hlfe argument‘in eoírrt is tlie litaft i|íf&&lfcft'cUlty>; .a^l When we,consider 'tfeÍRr'Hfep^íi'háa ' jÜ|p$fe?l «jfeHAíisT^afÉrtí^TbTS' provision faiie'd'iB'fpdgh'shjk*-áfei»'4ftite‘tha.t he'ijas "discharged the fee óf l'he orje seT lecfcp.d by the: a.ppeílaht .hirriself'fbr that-'píirp'tíse^ 'W^é ¿"¿¿'¿0*^6;130' eahhav’e re%ulü’ed: t’o tn'É ajsjfMy ■W*hVigclíVdS dW ’be clhirned’’, émd has lost'kbtlMfigf dftá^tófciSKákdugJít’rídttO'h'e inadé a valid-'oInjection to'a ÁífeííSé'frtef the coktract; ' ' •' " Í¡-',P%* >
'‘'dt-'i^fuíbftérHirged'on the'paid ofthe a’p'péllanqytiíiit xs'gntirfhotís and' u nc o'ns c i e nti o u s, ffñd fti'drawe o'pglit hbj¡; te be^éüfolded hy the chance Hot., d|,oJthfeHv'e 'adáWrbr,‘1;K'hf the prospect of success' was verj^doubtful,' •dfíd. so proved i fit he end, and tiidt ií-á|&í rltkbd all’his sdiVic'eMh’ á doübtful cause', whith tBj''fé*maine d so lbfig ih rlj'ritest, a,s to idse ifitich an vipKíefShd ,#é-ea‘flñot ’ '0¡¡$‘{£& tíSe‘diS¡iagénisation"%ás wholly contingent1,'that it is too’ enormous'tó p'reéru.de ‘the aid'bf'a ctfá’ftceííor.
■'% -fe ’fitihily cbhtetrd'ed, that tlikdoatratt-' w’ás'Tna'de IfcftWhjskptirtids sending in lh%*?elatictí of .coaáSjSre^nd ■flight,'‘ádd4htt -obé madd^h rtxdh ákthtiiihd'fe ¿f* ccfeh-di^ñí$,ítóf£^'dt feé süp'p'oríedf l!tita,'írijé’,<'*'s^’ch á#e'vWwfetl with ?f very jealous eye b^y tlreNdWttcél'lor, alfdhhán'j' sikh'li&'vé'bekd é'étfMíM, '^¿♦'feorftf^l'boaí-p¿á¥ed: té’ áfcdqpt' a heaséndílfe cdmjyensáfíofs-'íhT't herir ’s^^tfees. "-Mdfel 'oftbe“!Q'fi/sds,' MJw^frei*}"‘wíiich^xiít; of ‘íji'fe^kátüi'e, Wííí be TO¿tó$ id* h'é eó'ñcdrning cOfttraets ' itmfe afte'r crdkfisél Wa'S^eñgdgeá', ‘^¡a^befdfe the'tetai-tóffi'^d'ktfte sdit.’ - íífeé'qhhM&'tBerí fe, <6stñ *i?hé cotí-at kljie' RM'átd^p.^jírtl %'e. ákll^'ct'tbrthe slwe*¿®é|!fe¡''W1e’,péi^i%e.’i#o!wWtre'ásbtí‘'i¥l^,íhshcs.TM *417 ¡acquired such an ascendancy over the client, as to inveigle him into a contract dangerous to his interest. The client is then free to contract or refuse it. The counsel sets his price on hi#services, and the client máy give it or apply to another* and the consent of the client to the terms, is^that which constitutes the relation. Every contract made with counsel at his first engagement, must be scaled and brought to a quantum meruit^ and his right to stipulate eitficr for a certain or contingent compensation, would be wholly destroyed, if the rule must be applied to the bargain made at the first
We, therefore, conceive, as no unfairness is} shown in obtaining this contract, but it was the best the employer could do, according to his own history of the transaction, as others charged hirb a greater certain fee than he was able to give, that the contract ought not to be set aside on this ground.
But we cannot dismiss this contract without considering another objection to it, which has not been expressly made and debated at the bar, and which is of a still more serious nature. It is clear, that the supplemental answer of the appellee, setting up the contract, must be considered as a bill for specific performance; and the circumstance of the writing being assigned to the per-^on who holds the possession of the estate to be divided, cannot place him in a better altitude than the original holder stood, «jp6 ancient and long neglected,,lmt still valid provisions existing in law against champerty and maintenance, must bear against it. Champerty, which is maintenance of the strongest character, is nothing else than an agreement to aid in a suit, and then divide the thing recovered; and there is no doubt, that this contract fully comes up to this definition. It is true, the answer of the complainant, below does not expressly make this point; but every fact suggested or alleged about it, in the pleadings of all the parties, as well as the writing itself, shows that it is an agreement of this character. Can the agreement, then,, be specifically enforced? The doctrine is well established, that equity will not carry into effect an agreement against the policy of the law, any more than one against its morality. It is not necessary that we should discuss the question, whether champerty be Sr.be not an offence against morality, or only a prohibited, act. Be it whichsoever it *418 may, precisely the same consequences follow. Suflicé ^ saJ> that it was an offence at common law, before any statutory provision on the subject. 5 Com. Dig. 16, title Maintenance. Statutes were adopted to-enforce the provisions of the common law by proper penalties, and these statutes are still in force, at-least as to per* sonal estate, and will be found in 1 Dig. L. K-. 213. It is true, these statutes do not, in so many’words, declare all such contracts void; but their bare directions that such agreements shall not be made, bring the case ■within the general rule before laid down, and the chancellor' will, and ought to shrink from perfecting the agreement, and leave the party to his remedy at law. On principle, then, this point is against this contract; andón the score of authority, it cannot be enforced. See 1 Mad. Chan. 325, and Powell vs. Knowler, 2 Atk. 224.
The decree, therefore, dividing this property, must be reversed with costs, and the cause remanded, with directions to the court below to decree to the original complainant in that court, the redemption and possession of the remaining third of the slaves, on the same principles as the other two 'thirds have been decreed, leaving the validity of the contract to be hereafter tested in a.court of law, if the parties resort to that mode.